01

02

03

04

05 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06 AT SEATTLE

07 JUAN HERNANDEZ-JIMENEZ,       )   CASE NO. C08-0678-JLR-MAT

                                   )

08       Petitioner,                  )

                                   )

09      v.                       )   REPORT AND RECOMMENDATION

                                   )

10 A. NEIL CLARK,                )

                                   )

11       Respondent.             )

_____ )

12

13 I. INTRODUCTION AND SUMMARY CONCLUSION

14      Petitioner Juan Hernandez-Jimenez is a native and citizen of Mexico, who is currently

15 detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention

16 Center in Tacoma, Washington. On April 30, 2008, petitioner, proceeding pro se, filed the instant

17 Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241, arguing that his detention is

18 unreasonable and indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed.

19 2d 653 (2001), because he is unable to afford the $7,500 bond amount imposed by the

20 Immigration Judge. (Dkt. 6). Petitioner requests that the Court lower his bond amount to $1,500.

21 Respondent has moved to dismiss, arguing that petitioner's detention is not indefinite. (Dkt. 10).

22      Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

REPORT AND RECOMMENDATION
PAGE -1

01 (Dkt. 6) be DENIED, and respondent's motion to dismiss (Dkt. 10) be GRANTED.

02 II.  BACKGROUND AND PROCEDURAL HISTORY

03 Petitioner Juan Hernandez-Jimenez is a native and citizen of Mexico who entered the

04 United States without inspection in 1986. (Dkt. 12 at L214).  On November 13, 2007, he was

05 convicted in the Circuit Court of the State of Oregon for the County of Deschutes of felony

06 coercion. (Dkt. 12 at R58-62).  After serving his twelve day sentence, petitioner was arrested by

07 ICE and served with a Notice to Appear, charging him with removability from the United States

08 under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present

09 in the United States without being admitted or paroled. (Dkt. 12 at L36-37).  ICE determined that

10 petitioner should remain detained without bond.  (Dkt. 12 at L35).  Petitioner requested and

11 received a bond redetermination hearing in December 2007 before an Immigration Judge ("IJ"),

12 who granted petitioner bond in the amount of $7,500.  (Dkt. 12 at L22).

13 On March 25, 2008, an IJ denied petitioner's applications for cancellation of removal and

14 voluntary departure, and ordered him removed to Mexico.  (Dkt. 12 at L201-14).  Petitioner filed

15 an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), which affirmed the

16 IJ's decision and dismissed the appeal on June 23, 2008.  (Dkt. 12 at L216-21).

17 On April 30, 2008, while his appeal was still pending with the BIA, petitioner filed the

18 instant habeas petition, requesting that the Court lower his bond amount from $7,500 to $1,500.

19 (Dkt. 6).  In addition, on June 2, 2008, petitioner filed a Motion for Reduction of Bond or Change

20 in Conditions of Release with the Immigration Court.  (Dkt. 12 at L240-44).  On June 4, 2008,

21 an IJ ordered that bond remain at $7,500.  (Dkt. 10 at 3).

22 / / /

## III. DISCUSSION

Petitioner argues that because he is unable to afford the $7,500 bond imposed by the Immigration Judge, the amount is unreasonable, and requests that this Court reduce the bond amount to "a reasonable and affordable bond of $1,500." (Dkt. 6). However, the Ninth Circuit has just recently held that a petitioner's challenge to the reasonableness of a bond determination is not subject to judicial review. *See Prieto-Romero*, ___ F.3d ___, 2008 WL 2853396, *10 (9th Cir. July 25, 2008). *Prieto-Romero*, like petitioner here, complained that the IJ had set an excessively high bond amount which prevented his release from detention. The Ninth Circuit found that the Court had no authority to reach the merits of his claim under INA § 236(e), 8 U.S.C. § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Therefore, as the Ninth Circuit has determined, the Attorney General's decision to set petitioner's bond in the amount of $7,500 is a discretionary judgment that is not reviewable by this Court. *See id.*

Petitioner further claims that because he is financially unable to pay the $7,500 bond amount imposed by the Immigration Judge, his detention is indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkt. 6). In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for

01  a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The

02  petitioners in *Zadvydas* could not be removed because no country would accept them. Thus,

03  removal was "no longer practically attainable," and the period of detention at issue was

04  "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA §

05  241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does

06  not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively

07  reasonable six-month period of post-removal-period detention, an alien is eligible for conditional

08  release upon demonstrating "good reason to believe that there is no significant likelihood of

09  removal in the reasonably foreseeable future." *Id.* at 701.

10      Here, however, as respondent argues, the *Zadvydas* rule is inapplicable because petitioner

11  "remains *capable* of being removed – even if it has not yet finally been determined that he *should*

12  *be* removed." *See Prieto-Romero*, 2008 WL at *8. Once petitioner's legal proceedings have been

13  completed, ICE will remove or release petitioner. Thus, "he is not stuck in a 'removable-but-

14  unremovable limbo,' as the petitioners in *Zadvydas* were," and his detention is not indefinite. *See*

15  *Prieto-Romero*, 2008 WL at *7.

16      Petitioner also relies on the Ninth Circuit's decision in *Doan v. INS*, 311 F.3d 1160, 1162

17  (9th Cir. 2002). In *Doan*, the petitioner had been ordered removed to Vietnam, but Vietnam

18  refused to accept him. Thus, in accordance with *Zadvydas*, the former Immigration and

19  Naturalization Service[1] ("INS") released Doan on $10,000 bond because Doan's removal was no

20

---

21  [1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security ("DHS"). Homeland Security Act of 2002, Pub. L. No.

22  107-296, § 471, 116 Stat. 2135, 2205.

REPORT AND RECOMMENDATION
PAGE -4

01 longer reasonably foreseeable in light of Vietnam's refusal. Doan posted bond and was released,

02 but challenged the imposition of the bond. The Ninth Circuit found that, "the imposition of a bond

03 as a condition of release was within the exercise of discretion contemplated under the statute and

04 implicitly ratified by the Supreme Court's decision in *Zadvydas*." *Doan,* 311 F.3d at 1161. The

05 court suggested that, in certain circumstances, "serious question may arise concerning the

06 reasonableness of the amount of bond if it has the effect of preventing an alien's release."

07 However, the court never reached the issue of whether the $10,000 bond amount was reasonable

08 because Doan's family had posted the bond.

09      Here again, unlike *Doan*, petitioner has not shown that his removal is not reasonably

10 foreseeable. Once his legal proceedings have been completed, ICE will remove petitioner to

11 Mexico or release him. "Because [petitioner's] detention does not run afoul of the implicit

12 statutory limitation announced in *Zadvydas*, he remains lawfully detained . . . and *Doan* does not

13 license us to review the reasonableness of the amount of bond, even if [petitioner] cannot afford

14 to post it." *Prieto-Romero*, 2008 WL at *10. Accordingly, petitioner's detention is not indefinite,

15 and the Court has no authority to review or reduce the IJ's bond amount.

16 IV. CONCLUSION

17      For the foregoing reasons, I recommend that petitioner's habeas petition be DENIED, and

18 that respondent's motion to dismiss be GRANTED. A proposed Order accompanies this Report

19 and Recommendation.

20      DATED this <u>22nd</u> day of August, 2008.

21                        Mary Alice Theiler
                       United States Magistrate Judge

22

REPORT AND RECOMMENDATION
PAGE -5